**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEANN M. PINGUELO,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION; SIMONICH CORPORATION dba BWC MORTGAGE SERVICES, BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A., successor in interest to COUNTRYWIDE FINANCIAL CORPORATION the parent company of COUNTRYWIDE HOME LOAN SERVICING, LP; BAC HOME LOAN SERVICING, INC.; FIRST CENTENNIAL TITLE COMPANY OF NEVADA, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; MTC FINANCIAL INC dba TRUSTEE CORPS, and DOES 1 thru 10, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO:  3:11-CV-00615-RCJ-VPC<br><br>**ORDER VOIDING/CANCELING NOTICE OF DEFAULT, TRUSTEE'S DEED, AND INJUNCTION FROM EVICTING PLAINTIFF FROM RESIDENCE** |

1   Application for an order to show cause regarding preliminary injunction having been
2   made on behalf of Plaintiff, LEANN PINGUELO ("Plaintiff"); the noticed hearing was held on
3   September 14, 2011, at 9:00 a.m. in the above entitle court; attorney Tory M. Pankopf appeared
4   on behalf of Plaintiff; attorney Allison R. Schmidt appeared on behalf of Defendants FEDERAL
5   HOME LOAN MORTGAGE CORPORATION; BANK OF AMERICA CORPORATION;
6   BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING,
7   INC., fka COUNTRYWIDE HOME LOANS SERVICING, LP (incorrectly named BANK OF
8   AMERICA, N.A., successor in interest to COUNTRYWIDE FINANCIAL CORPORATION
9   the parent company of COUNTRYWIDE HOME LOAN SERVICING, LP), and MORTGAGE
10  ELECTRONIC REGISTRATION SYSTEMS, INC; attorney James M. Walsh appeared on
11  behalf of FIRST CENTENNIAL TITLE COMPANY OF NEVADA, INC.; attorney Michael E.
12  Sullivan appeared on behalf of MTC FINANCIAL INC. dba TRUSTEE CORPS; and no
13  appearance was made on behalf of SIMONICH CORPORATION dba BWC MORTGAGE
14  SERVICES (collectively, "Defendants").

15  As directed by this Court, counsel for Plaintiff has prepared the following order and
16  conferred with counsel for Defendants appearing at the hearing and, after such consultation,
17  submits the following Order: 1) voiding the March 17, 2009, notice of default and election to
18  sell ("NOD"); 2) voiding/canceling the trustee's deed upon sale recorded on August 26, 2011,
19  at 3:25:05 p.m., in the Recorder's Office in and for the County of Washoe as DOCUMENT
20  NUMBER 4035032 (Hereinafter, "Trustee's Deed")(Attached hereto as <u>Exhibit</u> "1" is a true
21  and correct copy of the Trustee's Deed) affecting real property as described herein:

22  All that certain real property situate in the County of Washoe, State of Nevada,
23  described as follows:

24  ////

26  ////

28  ////

- 2 -
Order on Voiding NOD, Trustee's Deed and Injunction re Eviction

**17000 Wedge Parkway #2421, NV, 89511**, assessor parcel no. of 142-322-25

**PARCEL 1:**
UNIT 245 in Building 24 of the official plat of FALLEN LEAF @ GALENA CONDOMINIUMS, according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on February 8, 2005, as File No. 31666983 of official records and as Tract Map No, 4443, and as amended by certificate of Amendment which recorded September 16, 2005, as Document No. 3278062, official records of Washoe County, Nevada.

**PARCEL 2:**
An undivided 1/2445 interest in and to all common elements as set forth in that certain Declaration of Covenant, Conditions and Restrictions for Fallen Leaf, recorded February 8, 2005, as Document No. 3166987, of official records and as shown on official plat of FALLEN LEAF @ GALENA CONDOMINIUMS, according for the map filed for record in the office of the County Recorder of Washoe County, State of Nevada, on February 8, 2005, as File No. 3166983, of official records and as tract Map No. 4443, and as amendment by Certificate of Amendment which recorded September 16, 2005, as Document No. 3278062, Official records of Washoe County, Nevada.

(Hereinafter, the "Property"); and 3) granting an injunction enjoining Defendants from evicting Plaintiff from the Property.

## ORDER

This Order incorporates by reference the Court's findings in its Order after hearing, and is supported by the reasons articulated in that Order. Fed. R. Civ. Proc. 52(a)(2) & 65(d)(1)(A). This Order is intended to further elaborate upon the specific terms of the Order Voiding/Canceling the NOD, the foreclosure sale of the Property and the recorded Trustee's Deed thereafter, the Injunction granted September 14, 2011, and to describe in reasonable detail the acts restrained thereby. Fed. R. Civ. Proc. 65(d)(1)(B) and (C). Therefore, in furtherance of its September 14, 2011, Order after hearing, the Court hereby orders the following:

1. On August 11, 2011, the Second Judicial District Court in and for the County of Washoe, State of Nevada, upon application by the Plaintiff, entered a temporary restraining order enjoining Defendants from foreclosing on the Property until after the hearing regarding an order to show cause why a preliminary injunction should or should not issue was heard on

September 2, 2011 ("TRO").  Despite the TRO being in force, the Property was sold at a foreclosure sale on August 16, 2011, at 11:00 a.m., and the Trustee's Deed was recorded on August 26, 2011.  Therefore, it is adjudged and decreed, the August 16, 2011, foreclosure sale of the Property and the Trustee's Deed are VOID and the August 26, 2011, recording of the Trustee's Deed is CANCELED, RELEASED, and EXPUNGED.  This Order canceling the above referenced Trustee's Deed has the same effect as an expungement of the original Trustee's Deed.  Defendants shall, within reasonable time after entry of this Order, cause a certified copy of this Order canceling the Trustee's Deed to be recorded in the Office of the Recorder in and for the County of Washoe, Nevada.

      2.     This Injunction pertains to the VOIDED August 26, 2011, foreclosure sale of the Property.  Plaintiff is granted an Injunction against Defendants, all their agents, employees, attorneys, successors in interest, and all those in active concert or participation with them, are enjoined and restrained from initiating or completing an unlawful detainer action against Plaintiff resulting in her eviction from the Property.

      3.     Defendants may cure the defect and foreclose on the Property anew by canceling the NOD and causing a new notice of default and election to sell the Property to be served on the Plaintiff and recorded in Washoe County, Nevada.

**IT IS SO ORDERED.**

Dated: October 7, 2011
_____

_____
The Honorable Robert C. Jones
United States District Judge

Order on Voiding NOD, Trustee's Deed and Injunction re Eviction

**EXHIBIT "1"**

DOC #4035032
08/26/2011 03:25:05 PM
Electronic Recording Requested By
PACIFIC COAST TITLE
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $40.00 RPTT: $0
Page 1 of 2

APN # 142-322-25

[RECORDING REQUESTED BY:]
**Trustee Corps**
c/o Security Union Title Pacific Coast Division
30 Corporate Park Dr., Suite 400
Irvine, CA 92606

[WHEN RECORDED MAIL TO
AND SEND TAX STATEMENTS TO:]
**FEDERAL HOME LOAN MORTGAGE CORPORATION**
**400 Countrywide Way**
**MS SV-35**
**Simi Valley, CA 93065**

The undersigned hereby affirms that there is no
Social Security number contained in this document.

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

Trustee Sale# **NV0938151-2** Order# **55004709**

# TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:

1) The Grantee herein **WAS** the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was: $305,151.73
3) The amount paid by the Grantee at the trustee sale was: $130,000.00
4) The documentary transfer tax is $0.00
5) Said property is in the city of **RENO**
6) A.P.N. **142-322-25**

and **MTC FINANCIAL INC. dba TRUSTEE CORPS** (herein called Trustee), as the duly appointed Substituted Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to **FEDERAL HOME LOAN MORTGAGE CORPORATION** (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of **Washoe**, State of **Nevada**, described as follows:

PARCEL 1:
UNIT 245 IN BUILDING 24 OF THE OFFICIAL PLAT OF FALLEN LEAF @ GALENA CONDOMINIUMS, ACCORDING TO THE MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF WASHOE COUNTY, STATE OF NEVADA, ON FEBRUARY 8, 2005, AS FILE NO. 3166983 OF OFFICIAL RECORDS AND AS TRACT MAP NO. 4443, AND AS AMENDED BY CERTIFICATE OF AMENDMENT WHICH RECORDED SEPTEMBER 16, 2005, AS DOCUMENT NO. 3278062, OFFICIAL RECORDS OF WASHOE COUNTY, NEVADA.
PARCEL 2:
AN UNDIVIDED 1/245TH INTEREST IN AND TO ALL COMMON ELEMENTS AS SET FORTH IN THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR FALLEN LEAF, RECORDED FEBRUARY 8, 2005 AS DOCUMENT NO. 3166987, OF OFFICIAL RECORDS AND AS SHOWN ON OFFICIAL PLAT OF FALLEN LEAF @ GALENA CONDOMINIUMS, ACCORDING TO THE MAP FILED FOR RECORD IN THE OFFICE OF THE COUNTY RECORDER OF WASHOE COUNTY, STATE OF NEVADA, ON FEBRUARY 8, 2005, AS FILE NO. 3166983, OF OFFICIAL RECORDS AND AS TRACT MAP NO. 4443, AND AS AMENDED BY CERTIFICATE OF AMENDMENT WHICH

Trustee Sale# **NV0938151-2**   Order# **55004709**

**RECORDED SEPTEMBER 16, 2005, AS DOCUMENT NO. 3278062, OFFICIAL RECORDS OF WASHOE COUNTY, NEVADA.**

RECITALS: This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated **02/12/2007**, and executed by **LEANNE M. PINGUELO, AN UNMARRIED WOMAN** as Trustor, and **Recorded on 02/23/2007 as Document No. 3501555** of Official Records of **Washoe** County, **Nevada**, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County. All requirements of law regarding the mailing, personal delivery, and publication of copies of the Notice of Default and Election to Sell Under Deed of Trust and of the Notice of Trustee's Sale and the posting of copies of said Notice of Trustee's Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold the herein described property at public auction on **08/16/2011**. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being **$130,000.00** in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

Dated: **08/22/2011**

**TRUSTEE CORPS**

*/s/ Jim Reynolds*
By: Jim Reynolds, authorized agent

State of **CALIFORNIA**

County of **ORANGE**

On **AUG 2 4 2011** before me, **Amy Lemus**, a notary public, personally appeared _Jim Reynolds_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public in and for said County and State

AMY LEMUS
COMM. # 1894571
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
MY COMM. EXP. JULY 3, 2014

Amy Lemus
Commission # 1894571
Expires July 3, 2014